IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 06-00034-CG |
| | ) | |
| WILLIE C. CALHOUN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the court on defendant's motion to strike sentencing transcripts (Doc. 63). The transcript of which Mr. Calhoun complains is not currently in the record, but based on the findings made below, the court concludes that the complained of transcript should, indeed, be part of the record, and accordingly, denies defendant's motion and orders that a corrected copy of the sentencing transcript in this case be filed.

After the defendant's conviction and sentence was affirmed on appeal, the defendant filed a 2255 petition, alleging, <u>inter</u> <u>alia</u>, that the court orally pronounced his sentence to be 32 months incarceration, but that the Judgment incorrectly stated a 92 month sentence of incarceration. (Doc. 59). The court ordered the United States to respond by November 16, 2007. (Doc. 61).

In the interim, the court received a letter, Dated November 2, 2007, from the Official Court Reporter in this case. A copy of the letter is attached to this Order. The letter states that an Assistant U.S. Attorney requested that he verify a portion of the sentencing transcript. The letter further indicates that the court reporter incorrectly put "32" instead of "92" months as the sentence of incarceration, and requests permission to substitute a corrected page of the transcript. The letter shows that the court reporter sent a copy to the Assistant U.S. Attorney and the

defendant.

The court had planned to await the response of the United States to the 2255 petition before addressing the court reporter's request, but since the defendant is requesting to "strike" the corrected transcript, the court addresses the question herein.

It is clear from reading the transcript and the record as a whole, that the oral sentence pronounced was 92 months, and that the "32" appearing in the original transcript was an error in transcription. The Presentence Investigation Report calculates the Sentencing Guideline level to be Level 23 with a criminal history category of VI. (Doc. 29). This produces a Guideline Sentencing Range of 92 to 115 months. The sentencing memorandum filed by the defendant urged the court to consider a sentence below the Guideline level, and to sentence the defendant to the 60 month minimum mandatory sentence[1] (Doc. 30). The minute entry on the docket made on the date of sentencing , July 19, 2006, by the courtroom deputy clerk who was present at the sentencing reflects that the court imposed a 92-month custody sentence . The Judgment and Commitment form reflects a 92-month sentence. (Doc. 31). That portion of the sentencing transcript which was not objected to by the defendant shows that the court found the Guideline level to be 23 with a criminal history category of VI, and further shows that immediately prior to pronouncing sentence, the court stated:

> I think you do have a family that cares for you and  supports you, and that's a plus
> on your side. But I really  cannot see any reason to go outside the guideline range.
> I  agree with Ms. Jensen that some of your prior convictions that  are countable
> under the guidelines are probably lesser type convictions -- the food stamp
> violation and the transporting  liquor violation. But they are countable
> nonetheless. But  because of that, I do intend to sentence you at the low end of the
> guidelines with the recommendation of the United States  Attorney's Office.

---

[1] If the court pronounced a 32-month sentence as Defendant claims, the sentence would have been illegal, as 32 months is well below the statutory mimimum mandatory sentence of 60 months.

The low end of the Guidelines was 92 months.

The court therefore finds that the sentencing transcript previously filed in this case (Doc. 41) contains an error in that it indicates the sentence pronounced was 32 months, when in fact it was 92 months. The Court Reporter is directed to file a corrected transcript of the sentencing, while leaving the transcript previously filed undisturbed for record purposes.

Defendant's Motion to Strike (Doc. 63), is **DENIED.**

**DONE** and **ORDERED** this 14th day of November, 2007.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE